UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LANCE MCGEE, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-02308-TWP-MJD |
| WARDEN, | ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Judgment**

The petition of Lance McGee for a writ of habeas corpus challenges a prison disciplinary hearing identified as IYC 18-06-0036. For the reasons explained in this Order, Mr. McGee's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On June 4, 2018, Sergeant J. Geiger issued a Report of Conduct (Conduct Report) charging Mr. McGee with a violation of Code 102A, Battery. Dkt. 8-1. The Conduct Report stated:

> On 6/4/2018 I Sgt. J. Geiger while reviewing the camera of South dorm H-Unit observed Offender Boyer, Angeloe #252746 (G4-9U) in the H-unit bed area at the H1-12/H1-13 at 4:34pm and is seen arguing with an offender later identified as Offender McGee #249917 (H1-13U). As the two go between the bunks Offender Boyer appears to bend down and attempt to get into one of the property boxes and Offender McGee attempts to stop him and the two are then seen in an altercation, rolling around on the lower bunk of H1-12 at 4:39pm. After the first altercation at Offender Boyer starts walking to the latrine but stops and retrieves a broom from beneath the middle camera at 4:41pm and as Offender McGee enters the latrine, Offender Boyer starts to run after Offender McGee with the broom. Offender McGee later gains control of the broom and Offender Boyer starts to run away, with Offender McGee running after him, with the broom, this can be seen on the middle camera at 4:41:32pm. Offender Boyer runs into the latrine where he grabs a scrub brush handle. Offender McGee puts the broom down and begins to exit the latrine back into the bed area. Offender Boyer puts down the scrub brush handle. At 4:43pm Offender Boyer picks up the scrub brush handle and reenters the bed area, goes back to H1-12 area. Both offender walk back toward the latrine together. At 4:44:14pm Offender McGee grabs the handle in an attempt to pull it from Offender Boyers' hands. At 4:44:19pm the scrub brush handle is broken. Offender McGee picks up both pieces and again goes after Offender Boyer who has now picked up a mop and the two go off camera. Offender Boyer then runs from the latrine back into the bed area and Offender McGee now has the mop handle in his hands. This back and forth with the mops and broom handles continues until 4:54pm when a staff member is observed entering the latrine. During this exchange neither offender is observed actually making contact with the other. Offender Boyer is observed exiting the H unit dayroom at 4:54:27pm.

*Id.* A series of photographs of the items held by Mr. McGee and Offender Boyer during the altercation were included with the Conduct Report. Dkt. 8-2.

On June 11, 2018, Mr. McGee was notified of the charge when he received the Conduct Report and the Screening Report. Dkt. 8-1; dkt. 8-3. He pleaded not guilty to the charge and requested Offender Boyer as a witness. Dkt. 8-3. Offender Boyer provided a statement that they "were just horseplaying" during the incident. Dkt. 8-6.

A hearing was held on June 15, 2018. Dkt. 8-5. Mr. McGee pleaded not guilty to the charge of violating Code 102A, Battery. *Id.* At the hearing, he stated that "they were just horseplaying." *Id.* After considering the staff reports, the witness statement, Mr. McGee's statement, and the photos, the hearing officer found Mr. McGee guilty of attempted battery, modifying the charge to one of violating 111A/102A. *Id.* The sanctions imposed included a loss of 180 days earned credit time and a one-level demotion in credit class. *Id.*

Mr. McGee filed an appeal, which was denied on June 29, 2018. Dkt. 8-7. He then appealed to the Final Reviewing Authority, who denied his appeal on July 9, 2018. Dkt. 8-8. After the denial of his final appeal, Mr. McGee brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

Mr. McGee presents two challenges to his disciplinary proceeding: 1) there was insufficient evidence to support the hearing officer's determination of guilt because no one was injured and Mr. McGee and Offender Boyer admitted they were horseplaying; and 2) the conduct report was the result of prison officials failing to protect Mr. McGee in violation of his rights and Indiana Department of Correction (IDOC) policy. Dkt. 2 at 2-3. Mr. McGee is not entitled to habeas relief on either ground.

**1. Sufficiency of the Evidence**

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.")

3

(citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981.

Mr. McGee was found guilty of attempted battery in violation of Code 111A and 102A. Dkt. 8-5. At the time of the incident, the definition of battery included "Knowingly or intentionally touching another person in a rude, insolent, or angry manner." Dkt. 8-12 at 1. "Attempt" was defined as "Attempting by one's self or with another person . . . to commit any Class A offense." *Id.* at 2.

Mr. McGee first asserts that the hearing officer's determination of guilt is not supported by sufficient evidence because no one was injured during the altercation. Dkt. 2 at 2. However, the definition of battery does not require an injury. Rather, it requires only knowingly or intentionally touching another person in a rude, insolent, or angry manner. *See* dkt. 8-12 at 1. Although Mr. McGee did not make contact with Offender Boyer, *see* dkt. 8-1, the hearing officer amended the charge to attempted battery, *see* dkt. 8-5, meaning Mr. McGee needed to only try to touch Offender Boyer in a rude, insolent, or angry manner. The Conduct Report states that Mr. McGee was involved in an altercation with Offender Boyer that led to Mr. McGee repeatedly chasing Offender Boyer while holding either a broom, a broken scrub brush handle, or a mop handle. Dkt. 8-1. This constitutes some evidence to support the hearing officer's determination of guilt.

Mr. McGee next argues that there was insufficient evidence to support the hearing officer's determination of guilt because both he and Offender Boyer stated they were horseplaying. Dkt. 2 at 2. This challenge fails because the hearing officer considered this evidence at the hearing and rejected it. *See* dkt. 8-5. The Court cannot "assess the comparative weight of the evidence" underlying the hearing officer's decision. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (citing *Hill*, 472 U.S. at 455). As discussed above, sufficient evidence supports the hearing

officer's determination that Mr. McGee attempted to batter Offender Boyer. Mr. McGee is not entitled to habeas relief on this ground.

### 2. Failure to Protect

Mr. McGee also contends that the incident occurred because prison officials failed to protect him in violation of both his rights and IDOC policy.[1] Dkt. 2 at 3. To the extent Mr. McGee asserts that the prison officials failed to protect him in violation of his constitutional rights, that claim concerns the conditions of his confinement and must be brought in an action under 28 U.S.C. § 1983. *See Glaus v. Anderson*, 408 F.3d 382, 387-88 (7th Cir. 2005) (discussing difference between habeas corpus claims and civil rights claims). In this action, Mr. McGee can only assert due process claims as set forth in *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974), and *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985).

Mr. McGee's argument that the conduct report was the result of a violation of IDOC policy also fails. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of

---

[1] Mr. McGee's argument could be construed as also raising a claim of self-defense. Dkt. 2 at 3. Habeas relief is not warranted on this ground, however, because self-defense is not a defense in prison disciplinary proceedings. *See Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011) ("But we have held that inmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings.").

5

[the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"). Mr. McGee is not entitled to relief on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. McGee to the relief he seeks. Accordingly, Mr. McGee's petition for a writ of habeas corpus must be **denied** and the action **dismissed**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 5/2/2019

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LANCE MCGEE
249917
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov